**In the Matter of Donald E. GIBSON.**

No. 881S216.

Supreme Court of Indiana.

Feb. 11, 1983.

Robert O. Williams, Williams & Williams, Covington, for respondent.

Sheldon A. Breskow, Executive Secretary, Thomas J. Osput, Staff Atty., Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

The Disciplinary Commission and the Respondent in this case, Donald E. Gibson, have entered into and have tendered to this Court a Statement of Circumstances and Conditional Agreement for Discipline, all pursuant to Ind.R.A.D. 23, Section 11(d). The Respondent has further submitted his affidavit as required by Ind.R.A.D. 23, Section 17(a).

This Court, having considered the agreement, now finds that it should be approved. Accordingly, this Court finds that the Respondent, Donald E. Gibson, was admitted to the Bar of the State of Indiana on May 19, 1971, and presently maintains an office for the practice of law in Veedersburg, Indiana.

On January 18, 1980, the Respondent was appointed as appellate counsel for Rocky D. Beavers to perfect Beavers' appeal from a conviction in the Warren Circuit Court. The Respondent filed a praecipe for the record of proceedings, but he failed to timely file the appeal. No appeal has been taken.

The Respondent also represented Gerald F. Grimes as pauper counsel in the Warren Circuit Court in two criminal cases. The Respondent was appointed appellate counsel for Grimes in the same matters. The Respondent filed Motions to Correct Error which were overruled. Thereafter, he filed a *Praecipe For Complete Transcript* in both cases. The transcript of the two causes was filed on April 23, 1980. When the Respondent attempted to obtain this transcript, it was discovered that the court reporter's certificate was not attached and the Clerk would not release the transcript to the Respondent until the certificate was attached. The Respondent was to be advised by the Clerk when the certificate was completed. Although the Respondent was never contacted by the Clerk's office, he made no effort to follow up on obtaining the transcript. The Respondent failed to timely file an appeal on behalf of Grimes and no appeal has been taken.

By the foregoing conduct, the Respondent, on two separate occasions, neglected matters entrusted to him and violated Disciplinary Rule 6–101(A)(3) of the *Code of Professional Responsibility for Attorneys at Law*. This conduct is further violative of Disciplinary Rule 1–102(A)(5) and (6) in that it is prejudicial to the administration of justice and adversely reflects on Respondent's fitness to practice law.

When a lawyer undertakes to represent a client, he assumes a duty to put forth his most diligent effort and a duty to render competent services, regardless of the client's financial status. By his acts of neglect in the two foregoing cases, the Respondent breached these duties. He betrayed the trust placed in him by his clients, the public and the court which appointed him to represent the defendants.

In light of the foregoing considerations and under the circumstances of this cause, this Court now further finds that the agreed-to discipline, a public reprimand, is appropriate. Accordingly, it is ordered that by reason of the misconduct set forth in this cause the Respondent be and he hereby is reprimanded and admonished.

Costs of these proceedings are assessed against the Respondent.